**Sammy Lee SANFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53216.**

Court of Criminal Appeals of Texas.

May 11, 1977.

Rehearing Denied June 1, 1977.

Fred J. Horner, III, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty. and Lynn W. Malone, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of aggravated assault. Punishment enhanced under the provisions of V.T. C.A., Penal Code, Section 12.42(d), was assessed at life.

The sufficiency of the evidence is not challenged. The facts show that on December 14, 1974, at approximately 7:50 p. m.,

---

Officer Wayne Copeland of the Waco Police Department had just arrested an individual for public intoxication in front of O.G.'s Lounge in Waco. While he was waiting for a back-up officer, he saw appellant exit The People's Choice Club across the street with a large group of people. He saw appellant run around the side and pick up what appeared to be a beer bottle or large rock of some kind. Then appellant followed by the group ran back into the club. All of them were using loud and profane language and causing a disturbance. Copeland walked over to the lounge to investigate the matter and encountered several people complaining that appellant was causing trouble and had been doing so all afternoon. He asked appellant to come across the street to his patrol car so that they could discuss the problem and appellant started out with him. As they were leaving, appellant turned and said to the crowd, "F_____ you, mother f_____. I'll get you back for this." Midway across the street appellant turned again and cursed the crowd. The crowd was becoming very upset. He advised appellant that he was under arrest for disorderly conduct. Appellant responded, "F_____ you, pig. I'll not going anywhere with you white mother f_____." When Copeland attempted to conduct a "pat down" search for weapons, appellant turned around and pushed Copeland, stating that he was not going to jail and he [Copeland] had no business frisking him. Copeland grabbed appellant's hands and tried to place him against the patrol car. Appellant began hitting him in the face and chest with his fists. The two men struggled and, after gaining control of Copeland's nightstick and swinging at him, appellant then fled.

Copeland gave chase and tackled appellant, another struggle ensued and appellant again struck the officer with his fists. Other officers arrived and appellant was subdued.

In his first three grounds of error appellant contends that the indictment is insufficient to support enhanced punishment under the provisions of Section 12.42(d) in that the allegations fail to allege that he had been previously convicted of two felony offenses and thus the penalty assessed was unauthorized by law. His only objection to the court's charge at the punishment stage of the trial was that the offense of breaking and entering a coin-operated machine is no longer a felony offense and, therefore, could not be used for enhancement.

We note that the allegations contained in the enhancement paragraphs give the dates of the convictions, the particular court, the cause numbers, and state that the convictions were final and in proper order as well as the fact that they were felony convictions. The allegations were sufficient. *Cooper v. State,* 500 S.W.2d 837 (Tex.Cr.App.1973). His contention as to the use of a prior felony now classified as a misdemeanor has been adversely decided against him in *Moreno v. State,* 541 S.W.2d 170 (Tex.Cr.App.1976). Grounds of error numbers one, two and three are overruled.

In his last four grounds of error, appellant complains of the trial court's refusal to charge the jury on the law of unlawful arrest, right to resist an unlawful arrest and illegal search and seizure.

The right to resist an arrest, even an illegal arrest, is prohibited by the provisions of V.T.C.A., Penal Code, Section 38.03, which this Court upheld as constitutional in *Ford v. State,* 538 S.W.2d 633 (Tex.Cr.App. 1976).

These grounds of error are overruled.

No reversible error having been shown, the judgment is affirmed.