**Edward B. WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59378.

Court of Criminal Appeals of Texas, Panel No. 1.

July 16, 1980.

Charles R. Cunningham, Corpus Christi, for appellant.

Michael J. Westergren, County Atty. and Thomas John Fisher, Asst. County Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

The instant appeal was taken from a conviction upon a trial by jury for resisting arrest, V.T.C.A., Penal Code, § 38.03. The issue of punishment was tried to the court, which assessed punishment at thirty (30) days' confinement and a fine of $150.00.

In the early morning hours of May 12, 1977, Richard Hernandez, a patrol officer for the Corpus Christi Police Department, overheard a radio call for assistance in pursuing a fleeing motorcyclist. The suspect was said to be on a gold-colored motorcycle, and wearing a brightly-colored helmet. Since officer Hernandez was in the same area, he began looking for the suspect. Patrolling the rear parking lot of an apartment complex, he saw a person who was wearing a brightly-colored motorcycle helmet and was looking into a parked car. The person saw the officer and his partner and fled. The officers gave chase, Hernandez shouting "Halt, police," while only 20 to 25 feet behind the suspect. The suspect, however, disregarded them and rode away into a dark, muddy field.

In the meantime, another officer, Darryle Keene, had responded to an assistance call from officer Hernandez' partner. The officers pursued the sound of the motorcycle and observed the figure abandon the motorcycle and begin running toward a stock trailer. Officer Keene apprehended the person, who turned out to be appellant, and detained him by the trailer in a spread-eagled position.

Officer Hernandez had gone to retrieve the motorcycle, but upon hearing officer Keene's shout to join him, dropped the motorcycle and went to the trailer. Officer Hernandez recognized appellant as the cyclist he had encountered in the parking lot. When officer Hernandez arrived, officer Keene said that they were going to handcuff appellant. As officer Keene was holstering his pistol, which he had held on appellant until officer Hernandez arrived, appellant turned from his spread-eagled position and kicked officer Hernandez in the groin.

Appellant's first ground of error alleges that no arrest ever took place, but rather an "illegal attack" upon appellant by the officers. The ground and the argument in support thereof appear to be multifarious, in violation of Article 40.09, § 9, V.A.C.C.P. It appears to argue that no arrest took place at all, and also that one did take place, but which was illegal. However, since his second ground of error appears to present the second issue, we shall treat this ground as raising only the issue of arrest in fact, *vel non*.

Appellant states that this restraint was not an arrest, first because an arrest is something beyond what he characterizes the situation that existed at the time of appellant's kick as being, to wit: a "physical and psychological restraint." He further contends that there was no arrest because the officers did not intone the words, "You are now under arrest," and notify appellant of the charge. For these propositions appellant offers no citation of authority.

■ Analysis of this point is not aided by the fact that the officers in their testimony were rather hazy in stating whether an arrest had actually taken place. However, it is clear that officer Keene had appellant subdued and spread-eagled against a stock trailer, and was holding his pistol on him. Article 15.22, V.A.C.C.P., states, "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." Cases determining the "point of ar-

rest" under this statute have concluded that an arrest occurs at the moment that a person's freedom of movement is restricted or restrained. See, e. g., *Hardinge v. State*, 500 S.W.2d 870 (Tex.Cr.App.1973); *Maldonado v. State*, 528 S.W.2d 234 (Tex.Cr.App. 1975). Viewing the evidence in the light most favorable to the verdict, as we must, *Owens v. State*, 576 S.W.2d 859 (Tex.Cr. App.1979), the evidence is sufficient to show that an arrest was in fact taking place, and was being effected by officer Hernandez as alleged in the information.

Further, it was not necessary to announce to appellant that he was under arrest. Such an announcement would be only one circumstance for the fact finder's consideration in determining if and when an arrest took place. *Sutton v. State*, 548 S.W.2d 697, 700 (Tex.Cr.App.1977). As to announcing the charge for which appellant was to be arrested, formal words of arrest have never been required under the law of this state. *Clark v. West*, 126 S.W.2d 569 (Tex. Civ.App.—El Paso 1939), rev'd on other grounds sub nom. *Aetna Casualty & Surety Co. v. Clark*, 136 Tex. 238, 150 S.W.2d 78 (1941); *Woods v. State*, 466 S.W.2d 741, 743 (Tex.Cr.App.1971). Appellant's first ground of error is overruled.

■ Appellant's second ground of error states in its entirety,

> "The conviction of Mr. Brandon White was void because the evidence was conclusive that Mr. White was abjectly subdued and psychologically dominated by the Herculean presence of Officer Keene with drawn pistol an interminable time (under the circumstances of this incident) before any movement or sound emanated from Mr. White."

As we see the basis of this ground, we believe appellant's complaint to be that he was justifiably outraged at the allegedly illegal actions of the officers, and was thus justified in his act of force against officer Hernandez.

Appellant's argument must fail. First, under V.T.C.A., Penal Code, § 38.03(b), "It is no defense to prosecution [for resisting arrest] that the arrest or search was unlaw-

ful." The reason for this rule is ably stated in the Practice Commentary to § 38.03: ". . . [T]he place to challenge the lawfulness of an arrest is in the courtroom and not on the street." Thus, the authority of the officers to arrest appellant was not subject to the summary review he exercised by kicking officer Hernandez in the groin, and cannot form the basis for attacking his conviction.

Secondly, the force used to subdue appellant was not unreasonable under the circumstances. The record shows that he had evaded at least four officers attempting to stop him. When finally officer Keene tackled appellant in an open field, and he again attempted to flee, there was ample reason to believe that he might attempt to escape from custody, and not subject himself to police control. Under these circumstances, officer Keene's drawing and pointing his pistol were not unreasonable. Further, it was while officer Keene was holstering his weapon that appellant whirled and kicked officer Hernandez. Thus the force that appellant contends authorized his quixotic act was not even being exercised at the time he acted, nor indeed had the force ever been used by the actual victim of the attack. Appellant's second ground of error is overruled.

Appellant next contends that fundamental error was committed by the trial court in stating to defense counsel, "He [appellant] is charged, Sir, with an attack on Officer Hernandez." This is alleged to be an impermissible comment on the weight of the evidence. Appellant cites no authority.

■ We first note that there was no objection to this comment at the time it was made, which precludes review on appeal. *Jenkins v. State*, 488 S.W.2d 130 (Tex.Cr. App.1972), reh. den. 1973; *Dempsey v. State*, 387 S.W.2d 891 (Tex.Cr.App.1965); *Cook v. State*, 388 S.W.2d 707 (Tex.Cr.App. 1965). Further, the record shows that the comment took place in the context of correcting defense counsel, who was engaging officer Keene in an arguably irrelevant line of cross-examination regarding injuries in-

flicted by appellant upon Keene. During the cross-examination, the following took place:

"MR. LEHRMAN (prosecutor): I object to the repititious questions.

"THE COURT: We have been over this territory, Mr. Cunningham.

"MR. CUNNINGHAM (defense counsel): This is important on the way he resisted this man.

"MR. LEHRMAN: The importance was on the force had on Officer Hernandez.

"THE COURT: He is charged, Sir, with an attack on Officer Hernandez.

"MR. CUNNINGHAM: No sir, Your Honor, as I understand that charge was resisting arrest with undue force."

Whereupon the trial court reread the information, which stated that the force was used against officer Hernandez.

*Hay v. State*, 472 S.W.2d 157 (Tex.Cr. App.1971), cited by appellant, is not in point. In that case, the jury had retired to deliberate, then returned into open court. The trial court noticed that neither of the verdict forms was signed and instructed the jury foreman to sign the charge. He did so, and when the trial court saw that the foreman had signed the "not guilty" form, he told the jury that he believed they had "done it wrong." He then told them to go back and deliberate further, whereupon a guilty verdict was returned. We held that where the record failed to show how the court knew the jury had "done it wrong," his action amounted to a statement to the jury that a verdict of not guilty was "wrong," and reversal was mandated.

■ Here, there was no such improper statement. The trial court was understandably concerned with the proper conduct of the trial and was attempting to cut off what he obviously felt was an irrelevant line of questioning. There was no error in his comment, and appellant's third ground of error is overruled.

■ By his fourth ground of error, appellant alleges that V.T.C.A., Penal Code, § 38.03, is unconstitutional. As he con-

cedes, this precise question was answered adversely to his position in *Ford v. State*, 538 S.W.2d 633 (Tex.Cr.App.1976); see also *Sanford v. State*, 550 S.W.2d 682 (Tex.Cr. App.1977). Appellant presents no arguments that persuade us that *Ford* was wrongly decided. His fourth ground of error is overruled.

The judgment is affirmed.