**Irving Edward KINGSBURY, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–172–CR.**

Court of Appeals of Texas, Waco.

March 1, 2000.

Lateph A. Adeniji, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Irving Kingsbury was convicted of deadly conduct and making a terroristic threat. *See* TEX. PEN.CODE ANN. §§ 22.05, 22.07 (Vernon 1994). He was sentenced to 180 days for the terroristic threat and one year in jail plus a $2,000 fine for the deadly conduct. Kingsbury brings three issues for appellate review, asserting that: 1) the court erred in admitting evidence; 2) the court erred in making prejudicial statements concerning that evidence; and 3) the evidence is legally insufficient to support the verdict. Finding no error and finding the evidence sufficient to support the verdict, we will affirm the judgment.

### FACTS

On October 17, 1998, Kingsbury arrived home around 11:00 p.m. and asked his wife, Doris, where she had placed his guns. He explained to her that he needed the guns to shoot some people who had stolen his spark plug wires. Doris stated that

she did not know about any guns, and Kingsbury became angry. He poured gasoline into a bug sprayer, got a propane bottle, and told Doris that he was going to "burn [her] ass up." He pumped the sprayer with the nozzle close to Doris' face and tried to ignite it with a cigarette lighter, but it did not work. Doris ran outside and then returned inside, called her sister, then called 9–1–1. Kingsbury poured gasoline around the house, telling Doris that he was going to "burn this M.F. house up with [her] in it," and tried to light some newspapers on the porch, but could not get them to ignite. When the police arrived, they ordered Kingsbury to put down the cigarette lighter and the bug sprayer, but he refused. The officers had to forcefully stop Kingsbury. At the officers' direction, Doris threw the "hissing" propane bottle into the street. Kingsbury was arrested. The gas can and bug sprayer were not collected by the police.

## ADMISSION OF EVIDENCE

In his first issue, Kingsbury argues that the court erred in admitting State's Exhibit 1, the bug sprayer, into evidence during the guilt/innocence phase of trial. The crux of Kingsbury's argument is that, because the police failed to take the bug sprayer into evidence on the night of the incident, no chain of custody can be established and, therefore, no proof made that it has not been tampered with since that time. It is undisputed that the bug sprayer stayed in Doris' custody from October 17, 1998, until trial on May 26, 1999. She brought it with her to court on May 26.

Doris testified that the bug sprayer was in the same condition on the day of trial as it was the night of the incident. She testified that it had not been altered at all and that it was kept in a storage house until the day of trial. The only objection made was that the sprayer was "not from proper custody." That objection was overruled and the bug sprayer was admitted. We interpret Kingsbury's complaint to be that the police did not take custody of the

exhibit on the night of the incident and, therefore, cannot establish that it was in the same condition on the day of trial as it was on the night of the incident.

Rule of Evidence 901 provides the requirements for authenticating or identifying evidence. The relevant part states:

■ **Rule 901. REQUIREMENT OF AUTHENTICATION OR IDENTIFICATION**

(a) **General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) *Testimony of Witness with Knowledge.* Testimony that a matter is what it is claimed to be.

Tex.R. Evid. 901. Although the Rules of Evidence do not specifically address "proper custody," Rule 901(a) states that identification for admissibility purposes is satisfied if the evidence is sufficient to support a finding that the matter in question is what its proponent claims. *Silva v. State,* 989 S.W.2d 64, 67–68 (Tex.App.—San Antonio 1998, pet. ref'd) (citing *Simmons v. State,* 944 S.W.2d 11, 12 (Tex.App.—Tyler 1996, no pet.)). Rule 901 requires only a showing that satisfies the trial court that the matter in question is what the State claims. *Id.* (citing *Garner v. State,* 939 S.W.2d 802, 805 (Tex.App.—Fort Worth 1997, pet. ref'd)). Thus, proof of custody goes to the weight rather than the admissibility of the evidence. *Id.* Absent evidence of tampering or commingling, theoretical breaches in the chain of custody do not affect the admissibility of evidence. *Moore v. State,* 821 S.W.2d 429, 431 (Tex. App.—Waco 1991, no pet.).

■ Kingsbury made no offer of evidence of tampering or commingling. He

merely objected that the evidence was "not from proper custody." We cannot say that the court abused its discretion in admitting the bug sprayer into evidence. *See Garner v. State,* 848 S.W.2d 799, 803 (Tex. App.—Corpus Christi 1993, no pet.). Issue one is overruled.

## COMMENTS BY THE COURT

■ Kingsbury's second issue asserts that the court made prejudicial statements concerning the bug sprayer. In giving permission to the State to show the bug sprayer to the jury, the Court stated, "Why don't you keep a hold of it. Okay. Since there's gasoline in, keep it … Just hold it up, and let them see it. That's good enough right now." Kingsbury complains that the court's statement that there was gasoline in the sprayer went to an important element of the offense, *i.e.,* that the sprayer did in fact contain flammable liquid, which is a deadly weapon. However, no objection was made. Therefore, this issue is not preserved for review. *See Denison v. State,* 651 S.W.2d 754, 761 (Tex.Crim.App.1983); *White v. State,* 601 S.W.2d 364, 366 (Tex.Crim.App.1980); *Marini v. State,* 593 S.W.2d 709, 716 (Tex. Crim.App.1980). Issue two is overruled.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In his last issue, Kingsbury complains that the evidence is insufficient to support the verdict. Although he does not say whether this is a legal or factual sufficiency complaint, we construe it as a complaint that the evidence is legally insufficient to support the verdict because Kingsbury cites only cases which precede *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996), which recognized factual sufficiency of the evidence as a review standard. *See, e.g., Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984).

■ In determining whether the evidence is legally sufficient to support the verdict, we view the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Weightman v. State,* 975 S.W.2d 621, 624 (Tex. Crim.App.1998); *Lane v. State,* 933 S.W.2d 504, 507 (Tex.Crim.App.1996) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)); *Westfall v. State,* 970 S.W.2d 590, 595 (Tex.App.—Waco 1998, pet. ref'd). The evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 238–40 (Tex. Crim.App.1997).

A person commits the offense of terroristic threat if he threatens to commit any offense involving violence to any person or property with intent to place any person in fear of imminent serious bodily injury. TEX. PEN.CODE ANN. § 22.07(a)(2). Kingsbury asserts that he was incapable of forming the necessary intent because he had been drinking prior to the incident. It is well established that voluntary intoxication is not a defense to the commission of a crime. *Id.* § 8.04(a) (Vernon 1994). Thus, we look to Kingsbury's acts, words, and conduct to see if intent can be inferred. *See Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App.1982).

A person commits deadly conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. TEX. PEN.CODE ANN. § 22.05(a). Kingsbury asserts that the evidence is legally insufficient to establish that he used a deadly weapon and, therefore, cannot support a finding of deadly conduct.

■ Doris' testimony that Kingsbury poured gasoline into a bug sprayer, got a propane bottle, and told her that he was going to "burn [her] ass up" while pumping the gasoline into her face and trying to ignite it with a cigarette lighter is evidence from which the jury could have inferred Kingsbury's intent to place Doris in fear of imminent serious bodily injury. His intent

can further be inferred from his comments to Doris that he was going to burn the house up with her in it. The evidence is sufficient to establish that Kingsbury made a terroristic threat against Doris. *Weightman,* 975 S.W.2d at 624.

This same testimony supports a finding that Kingsbury engaged in deadly conduct. He suggests that there is no evidence that he used a deadly weapon, although the evidence is that he used a flammable liquid. Nevertheless, there is no requirement that a deadly weapon was used. *See* TEX. PEN.CODE ANN. § 22.05(a). The evidence is sufficient to support the jury's verdict on both charges. Issue three is overruled.

Having overruled each issue presented, we affirm the judgment.