IN THE
TENTH COURT OF APPEALS
 

No. 10-01-083-CR

     WILLIAM NELSON HAVEN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 25188CR
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      William Nelson Haven was indicted for an aggravated assault of Michael Torgerson, a
second-degree felony. Tex. Pen. Code Ann. § 22.02 (Vernon 1994). He was accused of beating
Torgerson with a wooden cane, a “deadly weapon.”


 The indictment also alleged that Haven
committed the assault “as a member of a criminal street gang,” which increased the offense to a
first-degree felony. Tex. Pen. Code Ann. § 71.02 (Vernon Supp. 2001). This allegation derived
from the fact that the assault was committed by Haven and three accomplices, all four of whom
were past or current members of the Cossacks Motorcycle Club (“Club”).
      Haven was offered a plea bargain of five years’ deferred-adjudication-probation, which he
refused. There was a jury trial at which Haven testified, denying any involvement in the assault. 
After the close of the evidence, the court instructed the jury that the evidence was insufficient to
support the allegation about Haven’s committing the offense “as a member of a criminal street
gang.” The jury was asked to decide if Haven committed an aggravated assault. He was
convicted, primarily on the strength of Torgerson’s in-court identification. The jury sentenced
him to the maximum punishment, twenty years.



      Haven raises three issues on appeal:
      1.   The trial court erred in denying his Motion in Limine complaining about the admission
of evidence (a) that Haven used to be in the Club and (b) about the Club’s activities.
      2.   The trial court erred in admitting into evidence two exhibits which together were a roster
of the Club’s members in various cities.
      3.   The trial court erred in admitting into evidence a photographic lineup containing Haven’s
picture.
      We will affirm the judgment.
THE MOTION IN LIMINE
      Haven’s pre-trial Motion in Limine concerned “testimony and materials indicating that the
defendant is a member of a motorcycle club or gang . . . [and] of bad acts allegedly committed by
motorcycle gangs in general, as well as articles of incorporation and bylaws on motorcycle
gangs.” In a pre-trial hearing, the State argued that this evidence was relevant to the allegation
about Haven committing the offense “as a member of a criminal street gang.” The State said it
also proved “motive,” because Club members supported each other, and another Club member
had a dispute with Torgerson which Haven and his three accomplices resolved by the assault. The
trial court granted the part of the motion pertaining to “bad acts committed by motorcycle gangs
in general,” and overruled the remainder of the motion. However, the court stated “this ruling
does not preclude the defendant — I want to emphasize — from objecting at trial because I don’t
know what the specifics are that the State intends to introduce.” 
      A trial court’s ruling on a motion in limine cannot preserve a complaint of error for appellate
review. Gonzales v. State, 685 S.W.2d 47, 50-51 (Tex. Crim. App. 1985) (granting a motion in
limine does not preserve a complaint of error for review); McDuff v. State, 939 S.W.2d 607, 618
(Tex. Crim. App. 1997) (denying a motion in limine does not preserve a complaint of error for
review). Rather, to preserve a complaint about the admission of evidence, the party must object
at trial to any proffered evidence the party deems inadmissible. McDuff, 939 S.W.2d at 618. 
Therefore, because Haven complains only that his motion in limine was denied, his first issue is
overruled.
THE CLUB ROSTER
      Two exhibits were admitted into evidence at trial which contained names and telephone
numbers of dozens of Club members in cities around Texas, plus ten additional out-of-state
members. Haven’s name was listed as “Wild Bill/Bill Haven,” and he was listed as one of the
Club’s vice-presidents. The names of Haven’s three accomplices as well as the other Club
member who had the dispute with Torgerson were also among the names on the list. One of the
exhibits contains the words “Cossacks: We Take Care Of Our Own,” and “Confidential.” 
      The roster was obtained in a search of a residence in 1996. (Haven’s offense occurred in
August 1999.) That search had nothing to do with Haven’s case. Haven objected that the roster’s
prejudicial effect outweighed its probative value, and that the validity and accuracy of the roster
were unproven. Tex. R. Evid. 403, 901. The objections were overruled.



Rule 403
      When determining whether a document was properly admitted over an objection under Rule
403, “the question is not whether the [document is] more prejudicial than probative, but rather,
whether the probative value of the [document] is substantially outweighed by the danger of unfair
prejudice.” [Emphasis in original]. Salazar v. State, 38 S.W.3d 141, 151 (Tex. Crim. App.
2001), petition for cert. filed (U.S. June 1, 2001) (No. 00-10389). The trial court’s decision is
reviewed for an abuse of discretion; it will be reversed only if the decision is outside the zone of
reasonable disagreement. Id. (citing Narvaiz v. State, 840 S.W.2d 415 (Tex. Crim. App. 1992)).
      When performing a Rule 403 analysis, the trial court must consider "the host of factors
affecting probativeness . . . and balance those factors against the tendency, if any, that the
[document has] to encourage resolution of material issues on an inappropriate emotional basis." 
Id. at 152 (quoting Ladd v. State, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999)). “[R]elevant
criteria in determining whether the prejudicial effect of a piece of evidence substantially outweighs
the probative value include the fact ‘that the ultimate issue was not seriously contested by the
opponent; that the State had other convincing evidence to establish the ultimate issue to which the
[evidence] was relevant; that the probative value of the . . . evidence was not, either alone or in
combination with other evidence, particularly compelling; that the [evidence] was of such a nature
that a jury instruction to disregard it for any but its proffered purpose would not likely be
efficacious.’" Id. (quoting Reese v. State, 33 S.W.3d 238, 241 (Tex. Crim. App. 2000)).



      Ultimately, the trial court ruled that the State’s evidence was insufficient to establish that
Haven was a member of a “criminal street gang.” However, the roster proved Haven knew
Torgerson’s other attackers and had been in the Club with them. That made the roster probative
of a relevant fact, because if Haven had an association with the others, then his participation in
the assault along with the others was more likely. But other witnesses, including Haven, testified
that Haven and the other three assailants had been members of the Club. Taking these facts
together, the roster had low probative value.
      Next we consider whether the roster "encourage[d] resolution of material issues on an
inappropriate emotional basis." Ladd, 3 S.W.3d at 568. Because the jury heard other evidence
of Haven’s association with the Cossacks, we do not consider the roster to have had much, if any,
prejudicial effect.
      Because we believe that the danger of the roster’s prejudicial effect, if any, did not
“substantially outweigh” its probative value, the trial court did not abuse its discretion in admitting
the evidence.
Rule 901
      Rule of Evidence 901 requires authentication of a document before it can be admitted. Tex.
R. Evid. 901; e.g., Kingsbury v. State, 14 S.W.3d 405, 407 (Tex. App.—Waco 2000, no pet.);
Jackson v. State, 968 S.W.2d 495, 500 (Tex. App.—Texarkana 1998, pet. ref’d). Whether the
trial court erred in its finding of authenticity is reviewed under an abuse of discretion standard. 
Kingsbury, 14 S.W.3d at 408; Jackson, 968 S.W.2d at 499. A court abuses its discretion if it
admits evidence when a reasonable jury could not find that the evidence had been authenticated. 
Pena v. State, 864 S.W.2d 147, 152 (Tex. App.—Waco 1993, no pet.); Jackson, 968 S.W.2d at
499.
      We agree with Haven that the roster was not authenticated. Its sponsoring witness was the
police officer who recovered it during the search of the residence in 1996. Its accuracy was never
established, and it contained information at least three-years old. The trial court abused its
discretion in admitting it.
      However, the error was harmless. Other testimony linked Haven and his accomplices
together as present or past members of the Club. Even Haven testified that he was a retired
member of the Club and knew the other assailants. Therefore, even without the roster, the
relationship between Haven and the others was proven. We will not reverse for evidentiary errors
that do not affect substantial rights. Tex. R. Evid. 103(a); Tex. R. App. P. 44.2(b). 
Conclusion
      The second issue is overruled.
THE PHOTOGRAPHIC LINEUP
      During his investigation of the assault, Officer Ron Roark assembled a six-person
photographic lineup containing Haven’s picture. He showed the lineup to Torgerson, who
identified Haven as one of his attackers. During trial, Haven objected to the admission of the
lineup as an exhibit, claiming it was “suggestive,” i.e., because Haven’s picture was “different
in many ways from the others,” Torgerson was thereby led to pick Haven’s picture. Haven’s
complaint on appeal is that the trial court erred by admitting the lineup into evidence. Haven did
not make a motion before or during trial to suppress Torgerson’s identification. See, e.g.,
Rawlings v. State, 720 S.W.2d 561 (Tex. App.—Austin 1986, pet. ref’d). Therefore, we will
review this issue as whether a collection of photographs assembled as a lineup should have been
admitted into evidence.
      The admissibility of photographs is within the discretion of the trial court and is reviewed for
abuse of discretion. Kelley v. State, 22 S.W.3d 642, 644 (Tex. App.—Waco 2000, pet. ref’d). 
We will not reverse based on a trial court’s evidentiary ruling unless the ruling falls outside “the
zone of reasonable disagreement.” Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990).
      The lineup had some probative value because Torgerson chose Haven’s picture from it as one
of his attackers. Because the lineup was relevant, and absent any other objection, e.g., that the
danger of the lineup’s prejudicial effect substantially outweighed its probative value, we find that
the court did not abuse its discretion in admitting it.
      Even if admitting the lineup were error, the error was harmless. We will not reverse for
evidentiary errors that do not affect substantial rights. Tex. R. Evid. 103(a); Tex. R. App. P.
44.2(b). Torgerson identified Haven at trial as his attacker. Therefore, no harm resulted from
admitting the lineup.
      The third issue is overruled.
CONCLUSION
      Having overruled Haven’s three issues, we affirm the judgment.



                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurs in the result)
Affirmed
Opinion delivered and filed August 1, 2001
Do not publish