IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00352-CR

No.
10-03-00353-CR

No.
10-03-00354-CR

No.
10-03-00355-CR

 

Wilbert L. Prescott,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court 4

Dallas County, Texas

Trial Court Nos. F02-56725-QK, F02-56726, F02-56728 and F02-56729

 



MEMORANDUM 
Opinion



 

          Wilbert Prescott was charged by indictment with three counts of
aggravated assault on a police officer, one count of possession of a controlled
substance, and one count of evading arrest with a motor vehicle.  These cases were tried together before a
jury.  Prescott pleaded guilty to the evading arrest charge
before the jury.  As instructed by the
court, the jury found appellant guilty of evading arrest, and the trial court
set punishment at ten years’ confinement. 
The jury also returned guilty verdicts on two of three counts of
aggravated assault and the possession count. 
The court assessed sentences of twenty-five years for each aggravated
assault case and twenty years for possession. 
Prescott brings three issues on appeal: (1) the trial
court erred in failing to admonish him of the consequence of his plea; (2) the
court erred in submitting a charge of voluntary intoxication; and (3) the court
erred in allowing the controlled substance into evidence.

          We
will overrule the issues and affirm the judgment.

BACKGROUND

          Officers
Reynolds and Cozby were on patrol on November 6, 2002. 
Reynolds testified that around 2:40 in the morning, he saw a vehicle driving erratically.  When the officers attempted to stop the
vehicle, it sped away.  The driver of the
vehicle, later identified as Prescott, led a number of police on a thirty-minute
chase down city streets and freeways.  Prescott turned into a restaurant parking lot, where he
came to a stop.  The officers left their
vehicles and approached.  Prescott accelerated forward into the open door of the
squad car one of the officers was exiting, pinning the officer between the door
and the body of the car.  Prescott then drove into a field, stopping again when
his vehicle collided with another squad car. 
Officer Smith pulled his squad car behind Prescott’s vehicle. 
Prescott looked back, made eye contact with Smith’s
passenger, threw his vehicle in reverse, and rammed into the passenger door.

          Prescott refused to exit his vehicle.  The officers broke the car window and
physically removed him from the vehicle. 
In a patdown search, Officer Whitworth found a white substance tied up in
small cellophane baggies in a pocket of Prescott’s jacket. 
The Southwest Institute of Forensic Science later determined the
substance to be 4.9 grams of cocaine, including adulterants and dilutants.

Admonishment

          At
trial, Prescott changed his plea on the evading arrest charge
from not guilty to guilty.  He now
complains that the trial court failed to admonish him of immigration
consequences of his plea as required by the Code of Criminal Procedure.  Tex. Code
Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2004-05).  However, he does
not contend that his plea was rendered involuntary by that failure.  See
McGowin v. State, 912 S.W.2d 837, 840-41 (Tex. App.—Dallas 1995, no pet.)
(holding that because the defendant did not contend the court’s failure to give
the immigration admonishment prevented his plea from being knowing and voluntary
the complaint was waived).  Prescott does not assert, nor does the record show, that
he is a non-citizen subject to deportation. 
See Gorham v. State, 981
S.W.2d 315, 319 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (Because the
record did not indicate that defendant was not a United States citizen, the
appellate court had no basis to conclude that failure to admonish regarding
deportation consequences affected his substantial rights.).  Prescott does not explain, nor does the record reveal, how
he was harmed by the court’s failure to give the immigration admonishment.  Aguirre-Mata
v. State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999) (Failure to admonish defendant of the deportation
consequences of his guilty plea and failure to admonish on the range of
punishment is statutory error subject to 44.2(b) harm analysis.).

          Finding
no harm, we overrule this issue.




Voluntary
Intoxication

          Prescott argues that the trial court erred in submitting
voluntary intoxication instructions to the jury over his objection.  A voluntary intoxication instruction is
appropriate if evidence is introduced which might lead the jury to believe that
the defendant was intoxicated at the time of the offense and that his
intoxication might have contributed to his lack of knowledge of the
offense.  Taylor v.
State, 885 S.W.2d 154, 158-59
(Tex. Crim. App. 1994).   During his cross-examination of several of the
police officers, defense counsel asked if Prescott’s erratic manner of driving was consistent with
that of an intoxicated driver.  The
officers agreed that he was driving as if he were intoxicated from either
alcohol or a controlled substance.  The
defense contended at trial that Prescott did not intentionally try to harm the police
officers.  The voluntary intoxication
instruction was justified because the jury could have concluded that Prescott lacked intent as a result of his
intoxication.  Haynes v. State, 85 S.W.3d 855, 858 (Tex. App.—Waco 2002, pet
ref’d).

          Finding
no error, we overrule this issue.

Controlled
Substance

          Prescott argues that the trial court erred in allowing
the cocaine into evidence over his objection that no proper chain of custody
had been established.  A trial court has
great discretion in the admission of evidence at trial.  Montgomery v.
State, 810 S.W.2d 372, 378
(Tex. Crim. App. 1990).  Although the
Texas Rules of Evidence do not specifically address proper chain of custody,
Rule 901(a) states that identification for admissibility purposes is satisfied
if the evidence is sufficient to support a finding that the matter in question
is what its proponent claims.  Tex. R. Evid. 901(a); Kingsbury v. State, 14 S.W.3d 405,
407-08 (Tex. App.—Waco 2000, no pet.).  Proof of chain of custody goes to the weight
rather than the admissibility of the evidence. 
Kingsbury, 14 S.W.3d at
407.  Absent evidence of tampering or
commingling, theoretical breaches in the chain of custody do not affect the
admissibility of evidence.  Id. 

          Prescott made no offer of evidence of tampering or commingling.  He merely objected that the officer did not
properly retrieve the evidence from the evidence locker.  The State later entered into evidence the
officer’s property room receipt for the evidence.  We cannot say the trial court abused its
discretion in admitting the cocaine into evidence.

          We
overrule this issue.

Conclusion

          Having
overruled all of the issues, we affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December 29, 2004

Do not publish

[CRPM]