**AFFIRM; and Opinion Filed November 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01201-CR

### CHRISTOPHER NJOKU, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. MA13-16684**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Schenck

In a single issue on appeal, Christopher Njoku challenges the sufficiency of the evidence

to sustain his conviction for resisting arrest. We affirm the trial court's judgment. Because all

issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

During his patrol of a parking lot located at Bachman Station in Dallas, Officer Brent

Thompson of the Dallas Area Rapid Transit Police Department noticed a car that appeared to

have been abandoned. The car was distinctive to the officer because of its expired inspection

sticker and lack of license plates. Officer Thompson notified his supervisor of the car's

continued presence in the parking lot and received instructions to wait a week before arranging

for the car to be towed. To ensure the car was not in use by a DART rider during that week,

Officer Thompson used a marker to draw a line under the front driver's side tire and write the date on the ground. After a week had passed, he arranged for the car to be towed from the lot.

Appellant arrived at the parking lot in his taxi after the car was loaded onto a tow truck. He immediately jumped out of the taxi and began yelling that the car being towed belonged to him and demanding the car be taken down. Appellant came to a stop directly in front of the tow truck. Officer Thompson and his partner Officer Craig Roberson informed appellant the car would not be unloaded and that appellant needed to move to allow the tow truck to leave the lot. Appellant refused to move and instead became irate and began pointing his finger very close to Officer Thompson's chest. Officer Thompson placed his hands on appellant in order to physically move him out of the way of the truck. At that point, appellant pushed back against Thompson.

Both officers moved to restrain appellant, instructing him he was under arrest for interfering with public duties and ordering him not to resist arrest. The officers first attempted to restrain appellant placing him in an arm bar, and when that failed, they performed knee strikes on him to get him to lie on the ground. Appellant struggled, pulling away from the officers and pushing away from the ground. The officers sat on appellant's back and handcuffed his arms while appellant continued to kick his legs.

Appellant was charged with resisting arrest, tried before a jury, and found guilty of resisting arrest. The trial court sentenced appellant to ninety days' confinement in the county jail, probated for six months, and further assessed costs and a fine of $500. Appellant timely filed this appeal.

**STANDARD OF REVIEW**

When conducting a legal-sufficiency review, a court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*

*v. Virginia*, 443 U.S. 307, 318–19 (1979). In so doing, we assess the evidence in the light most favorable to the prosecution. *Id.* This same standard applies equally to circumstantial and direct evidence. *Burden v. State*, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001). The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Jackson*, 443 U.S. at 319. When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Id.*

## DISCUSSION

A person commits the offense of resisting arrest when the person (1) intentionally prevents or obstructs (2) a peace officer (3) from effecting an arrest, search, or transportation of the person (4) by using force against the peace officer. TEX. PENAL CODE § 38.03(a) (West 2011). Appellant limits his arguments to the third and fourth elements of the offense, contending the State failed to prove that appellant used force against Officer Thompson to prevent or obstruct the arrest, search, or transportation of appellant. The State concedes the record contains no evidence that appellant used force to resist a search or transportation, but maintains the evidence is legally sufficient to support appellant's conviction for resisting arrest.

A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant or arrest, or by an officer or person arresting without a warrant. TEX. CODE CRIM. PROC. ANN. art. 15.22 (West 2014). An "arrest" is complete when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by a peace officer's physical force or the suspect's submission to the officer's authority. *Medford v. State*, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000). Furthermore, an arrest is complete only if a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest. *Id.* An officer's formal announcement of arrest is not necessary to find an

arrest took place, but would be a circumstance for the fact-finder's consideration in determining if and when an arrest took place. *White v. State*, 601 S.W.2d 364, 366 (Tex. Crim. 1980).

The court of criminal appeals has interpreted the word "force" in section 38.03(a) to mean violence or physical aggression, or an immediate threat thereof, in the direction of or in contact with, or in opposition or hostility to, a peace officer or another. *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014). An example of such force is forceful pulling away from the officer as he attempts to effectuate the arrest. *Id.* at 172.

Appellant argues (1) he was not under arrest when the first physical contact occurred and (2) he did not use force against either officer. We begin by addressing appellant's attempt to challenge the timing of the arrest. Appellant argues the only evidence of physical contact was when appellant shoved Officer Thompson, and he argues this evidence is insufficient to support his conviction because neither Officer Thompson nor Officer Roberson testified that either officer had informed appellant he was under arrest at that point. However, the officers did not need to announce to appellant he was under arrest. *White*, 601 S.W.2d at 366. Instead, a reasonable juror could have found that the arrest began the moment Thompson moved to restrain appellant. *Id.* at 365.

Furthermore, this timing argument ignores the testimony of the officers that appellant pushed and pulled away from the officers while they ordered him to the ground and commanded him to stop resisting, as well as the testimony of a DART employee who observed the entire encounter between appellant and the officers. The DART employee described the interaction as a "wrestling match" in which appellant was fighting back against the officer's attempts to restrain him. *Dobbs*, 434 S.W.3d at 171–72. As detailed below, even if appellant had not been under arrest at the first physical restraint, there is also evidence that he used the requisite force to constitute resisting arrest thereafter.

–4–

Both officers testified that despite their instructions to appellant to move out of the way of the tow truck, appellant refused to move. Officer Roberson testified he and Officer Thompson advised appellant that if he did not move out of the way of the tow truck, appellant would be arrested for interference with public duties. Officer Thompson testified he demanded appellant turn around and place his hands behind his back. Both officers stated when Officer Thompson placed a hand on appellant to move him from the tow truck's path, appellant pushed against him. Both officers testified that while they attempted to physically restrain appellant and commanded him to lie on the ground and cease resisting, appellant pushed and pulled away from the officers. Testifying in his defense, appellant denied he yelled at the officers, blocked the tow truck, or pushed or used any other force against the officers. When the record supports conflicting inferences as it does here, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 319. Viewing the evidence in the light most favorable to the verdict, we conclude any rational jury could have found beyond a reasonable doubt appellant used force to prevent the two officers from arresting him. *Id.* at 318–19.

We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/

DAVID J. SCHENCK

DO NOT PUBLISH          JUSTICE
TEX. R. APP. P. 47

141201F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER NJOKU, Appellant

No. 05-14-01201-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 9, Dallas County, Texas
Trial Court Cause No. MA13-16684K.
Opinion delivered by Justice Schenck,
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of November, 2015.