**Kirby Arness RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–00993–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 4, 1989.

Will Gray, Houston, for appellant.

John F. Carroll, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Kirby Arness Rice, appeals his judgment of conviction for the offense of murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1974). The jury rejected appellant's "not guilty" plea, finding appellant guilty as charged in the indictment, made an affirmative finding of the use of a deadly weapon, and assessed punishment at fifty years confinement in the Texas Department of Corrections. We affirm.

In his first point of error, appellant contends the special issue, in the court's charge to the jury regarding the use of a deadly weapon contained a defect. Appellant specifically complains the special issue was worded in such a way as to presume that the weapon used was deadly.

1. See *Polk v. State*, 693 S.W.2d 391, 394 fn. 3

 The evidence at trial showed that appellant poured gasoline on his victim and lit him on fire, causing the victim's death. The court's charge on guilt-innocence included the following special issue: [1]

> Now, if you have found the defendant guilty of any offense defined in this charge you must determine whether or not he used a deadly weapon, namely, a flammable liquid, in the commission of the offense.
>
> "Deadly weapon" means anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
>
> Do you the jury find the defendant used a deadly weapon, namely, a flammable liquid, in the commission of the offense for which he has been convicted?

No objection was made to the submitted charge on the grounds now contended. Appellant must therefore demonstrate egregious harm—harm that denied him a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, the argument of counsel and any other relevant information revealed by the trial record as a whole. *Id.* at 171.

 The evidence shows that appellant purchased gasoline, poured the gasoline on his victim, ignited the victim's gas-soaked body with a cigarette lighter, and subsequently fled from the scene. The victim died after receiving burns over 97% of his body. The evidence was clearly sufficient to show that the flammable liquid, the gasoline, was in the manner of its use, a deadly weapon. TEX.PEN.CODE ANN. § 1.07(a)(11)(B) (Vernon 1974). The jury was never informed by counsel or the court that a flammable liquid was a deadly weapon or that if they found that appellant used a flammable liquid then they must also find that he used a deadly weapon. In fact, during closing arguments, the prosecutor discussed the juror's choices of verdict contained in the court's charge as follows:

> There is the verdict page. You have a choice between not guilty, guilty of mur-

(Tex.Crim.App.1985).

der or guilty of voluntary manslaughter, and then the last page is a special issue page: Do you find that the flammable liquid in the manner that this defendant used it was a deadly weapon and that should be a fairly obvious answer.

The prosecutor told the jury that the purpose of the special issue in the court's charge was to find whether the weapon used by appellant was deadly. Defense counsel, on the other hand, attempted to argue to the jury that they could not consider the special issue because no expert witness testified that the gasoline was a deadly weapon. However, the jury had the definition of "deadly weapon" before them and did appropriately consider such issue. *English v. State*, 647 S.W.2d 667 (Tex. Crim.App.1983). The challenged special issue merely directed the jury's attention to the fact that gasoline was the weapon for which the State sought an affirmative finding. *Turner v. State*, 664 S.W.2d 86, 90 (Tex.Crim.App.1983). Whether the gasoline, by its manner of use or intended use, was a deadly weapon was properly left for the jury to decide. *Polk v. State*, 693 S.W.2d 391 (Tex.Crim.App.1985). We find that the affirmative finding was properly made and is supported by sufficient evidence. Appellant has failed to show how he was egregiously harmed by the special issue. Point of error one is overruled.

In point of error two, appellant argues that he was not given notice, required by *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987), of the State's intention to pursue the affirmative finding of the use of a deadly weapon.

The indictment which charged appellant with murder averred the victim's death was caused by gasoline. This was sufficient notice to satisfy the constitutional guarantees elucidated in *Ex parte Patterson*. *Ex parte Beck*, 769 S.W.2d 525 (Tex.Crim.App. 1989). Point of error two is overruled.

The judgment is affirmed.