# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00250-CR

**Charles Carlson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 0953380, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

This is an out-of-time appeal ordered by the Court of Criminal Appeals on a post-conviction writ of habeas corpus. *Ex parte Carlson*, No. 74,056 (Tex. Crim. App. Mar. 28, 2001) (not designated for publication).[1]

Appellant's convictions for attempted murder and engaging in organized criminal activity were affirmed on appeal by this Court. *Carlson v. State*, 940 S.W.2d 776 (Tex. App.—Austin 1997, pet. ref'd). These convictions were based on different counts in the same indictment and separate judgments and sentences were entered under the same trial court cause number.

---

[1] The basis of the Court of Criminal Appeals' order was that factual insufficiency of the evidence was raised in the companion case of *Reina v. State*, 940 S.W.2d 770 (Tex. App.—Austin 1997, pet. ref'd), and resulted in an acquittal and the same issue was not raised in appellant's case.

The record reflects that the jury assessed punishment for the attempted murder offense at twenty years' imprisonment, and for engaging in organized criminal activity the punishment was fixed by the jury at ninety-nine years' imprisonment.

The opinion of the Court of Criminal Appeals returned appellant "to the point at which he can give notice of appeal" and provided that "all time limits shall be calculated as if the *conviction* had been entered on the day that the mandate of this Court issues." *Ex parte Carlson*, No. 74,056, slip op. at 2 (emphasis added).

**Points of Error**

In this out-of-time appeal, appellant advances six points of error. In the first three points of error, appellant challenges the jurisdiction of the district court to have tried appellant for the offense of engaging in organized criminal activity. These challenges are based on claims that there was an improper waiver of the juvenile court's jurisdiction over appellant and an improper certification of appellant to be tried as an adult.[2] In the fourth point of error, appellant urges that the evidence is legally insufficient to support the conviction for engaging in organized criminal activity. In the fifth and sixth points of error, appellant contends that the evidence is factually insufficient to sustain the conviction for engaging in organized criminal activity.

---

[2] It is noted that appellant appealed his certification to stand trial as an adult prior to trial in district court when that procedure was still permissible. *See In re C.C.*, 930 S.W.2d 929 (Tex. App.—Austin 1996, no writ.). Such appeals are now permissible "only in conjunction with the appeal of a conviction of the offense for which the defendant was transferred to criminal court." Tex. Code Crim. Proc. Ann. art. 44.47 (West Supp. 2002).

None of appellant's points of error challenge or even relate to his conviction for attempted murder.

**Facts**

The facts are described in *Carlson*, 940 S.W.2d at 777-80.  Suffice it to say for our purposes here that the record shows that on the night of January 10, 1995, John Reina drove appellant and Mike Brown to a convenience store in Travis County.  In the store, appellant and Brown encountered Ricardo Davila, a homeless person.  For reasons not revealed by the record, appellant, Brown, and Davila got into an argument which ended up in an alley behind the store in a physical confrontation.  Appellant and Brown used their feet to kick and stomp Davila and threw bottles and a bag of hardened cement at him.  Brown returned to the store, obtained a bottle of lighter fluid, squirted it on Davila, and appellant then set Davila afire.

Appellant and Brown left the scene with Reina driving.  The threesome encountered Bradley Livingston to whom they related what had occurred.  Livingston became a State's witness.  Under a grant of testimonial immunity, Brown also testified for the prosecution.  The jury returned a general verdict finding appellant guilty of organized criminal activity "as charged in the indictment."

On original appeal, appellant challenged the legal sufficiency of the evidence to sustain the conviction.  The contention was overruled.  *Carlson*, 940 S.W.2d at 778-79.  The basis for that challenge was not the same as the one set forth in *Nguyen v. State*, 1 S.W.3d 694 (Tex. Crim. App. 1999), decided over four years after appellant's trial and over two years after this Court's opinion affirming appellant's conviction.

3

**Legal Sufficiency—Concession of Error**

We turn our attention first to appellant's fourth point of error that the evidence is legally insufficient to sustain his conviction for engaging in organized criminal activity. The State has confessed error and acknowledges that the conviction cannot stand because of the interpretation given to section 71.02(a)(1) of the Penal Code in *Nguyen*, 1 S.W.3d at 694.

Section 71.02(a)(1) provides:

(a) a person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or is a member of a criminal street gang, he commits or conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, aggravated sexual assault, sexual assault, forgery, deadly conduct, assault punishable as a Class A misdemeanor, burglary of a motor vehicle, or unauthorized use of a motor vehicle.

Tex. Pen. Code Ann. § 71.02(a)(1) (West Supp. 2002).[3]

Section 71.01(a) provides:

---

[3] The current code is cited for convenience. The instant offense was committed on January 10, 1995. Appellant was tried under section 71.02(a)(1) as amended by Act of May 27, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698-99. The phrase "or is a member of a criminal street gang" was not a part of the 1993 enactment under which appellant was tried, but it is immaterial to the instant proceedings. Otherwise, the current code is materially unchanged from the 1993 enactment.

"Combination" means three or more persons who collaborate in carrying on criminal activities, although:

(1) participants may not know each other's identity;

(2) membership in the combination may change from time to time; and

(3) participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.

*Id*. § 71.01(a) (West Supp. 2002).[4]

In *Nguyen*, cited by both parties, the Court of Criminal Appeals interpreted "combination" as defined in section 71.01(a) and applicable to an offense under section 71.02(a). 1 S.W.3d at 696-97. The Court determined that the phrase within the definition "collaborate in carrying on criminal activities" implied "continuity—something more than a single, *ad hoc* effort." *Id*. at 697. The Court held that the phrase could not be "understood to include an agreement to jointly commit a single crime; the State must prove more than that the appellant committed or conspired to commit one of the enumerated offenses with two or more other people." *Id*. Thus, the prosecution is obligated to prove not only that the defendant intended to establish, maintain, or participate in a group of three or more, but also that the members of the group intended to work together in a continuing course of criminal activity. *Dowdle v. State*, 11 S.W.3d 233, 235-36 (Tex. Crim. App. 2000). Section 71.02(a) requires proof of two different *mens rea*—that of the accused

---

[4] The current code is cited for convenience. The statute is materially unchanged from the 1993 enactment under which appellant was tried. Act of May 27, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698-99.

and that of the group—a dual intent requirement. *Munoz v. State*, 29 S.W.3d 205, 208 (Tex. App.—Amarillo 2000, no pet).

Moreover, the continuing course of criminal activity referred to must encompass more than just one crime or offense, *Nguyen*, 1 S.W.3d at 697, or one criminal episode. *Ross v. State*, 9 S.W.3d 378, 382 (Tex. App.—Austin 2000, pet. ref'd). The facts in *Nguyen* were held insufficient to show a continuing course of criminal activity because the group involved simply desired to avenge an insult. 1 S.W.3d at 696-97. Once the insult was avenged, the reason for and the existence of the group dissipated. *Id*. A similar situation was presented in *Ross*, 9 S.W.3d at 882.

The standard for reviewing the legal sufficiency of evidence is whether viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.—Austin 1994, pet. ref'd). The jury's verdict must stand unless it is found to be irrational or unsupported by more than a "mere modicum" of evidence with such evidence being viewed in the light of *Jackson*. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The legal sufficiency of the evidence is a question of law. *McCoy v. State*, 932 S.W.2d 720, 724 (Tex. App.—Fort Worth 1996, pet. ref'd).

In the instant case, the State acknowledges that it did not present evidence showing that appellant, Brown, and Reina collaborated in carrying out criminal activities. The evidence only showed a single criminal episode of the group's brutal attack on Davila. Conceding that the evidence is legally insufficient to sustain the conviction for engaging in organized criminal activity, the State

6

agrees that appellant's fourth point of error should be sustained. We have carefully examined the record and we concur. The fourth point of error is sustained.

## Factual Sufficiency

In the fifth and sixth points of error, appellant challenges the factual sufficiency of the evidence underlying the conviction for engaging in organized criminal activity. A factual sufficiency review begins with the presumption that the evidence supporting the judgment was legally sufficient. *See Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). Since the evidence is legally insufficient, these points of error are moot.

## District Court's Jurisdiction

In view of the State's confession of error in the fourth point of error, appellant and his counsel have waived the first three points of error challenging the jurisdiction of the trial court.

## Conclusion

For the reasons stated, the fourth point of error is sustained. The judgment in trial court cause number 0953380 convicting appellant of engaging in organized criminal activity is reversed, and appellant is ordered acquitted. *See United States v. Burks*, 437 U.S. 1 (1978); *Greene v. Massey*, 437 U.S. 19 (1978). This leaves standing the judgment against appellant for attempted murder in the same trial court cause number 0953380. None of the points of error challenged this conviction. Moreover, it does not appear that appellant's post-conviction writ of habeas corpus

attacked or challenged the attempted murder conviction. Thus, our ruling today relates only to the conviction for engaging in organized criminal activity.

_____

John F. Onion, Jr., Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Onion[*]

Reversed and Rendered

Filed: March 14, 2002

Publish

8

*     Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).