COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-416-CR
  
  
IWIN 
ELLIS                                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        A 
jury convicted Appellant Iwin Ellis of aggravated assault with a deadly weapon 
and felony assault with bodily injury of a family member. See Tex. Penal Code Ann. § 22.01(a)(1), 
(a)(2), (b)(2) (Vernon Supp. 2004). The jury assessed Ellis’s punishment at 
twenty years’ confinement for the aggravated assault with a deadly weapon and 
at ten years’ confinement for the felony assault with bodily injury of a 
family member. Ellis raises five issues on appeal challenging the legal and 
factual sufficiency of the evidence to support his conviction for both offenses. 
We will reverse the trial court’s judgment as to the felony assault 
family-violence conviction and render a judgment of acquittal as to that 
offense. We will affirm Ellis’s conviction for aggravated assault with a 
deadly weapon.
II. Factual Background
        Ellis 
and Tawana Ford are the biological parents of several children. Ford and several 
other people were visiting at the home of a friend, Kimberly Long. Ford left 
Long’s house, and the visitors gathered there then heard a female scream come 
from outside. Long looked outside and saw Ellis, with a cup in his hand, pushing 
Ford into a car. Long testified that Ford’s face looked wet. Long later 
retrieved the cup from the ground, and it smelled of gasoline. Authorities 
tested the residue in the cup and found it to be gasoline.
        Sandra 
Jarmon, one of the visitors at Long’s house, was concerned for Ford’s safety 
following the incident and telephoned Ford’s mother, Annie Viels. After 
receiving Jarmon’s call, Viels got in her car and drove around the east side 
of Fort Worth searching for Ford. Eventually, when Viels stopped at a stop sign, 
Ford came running towards Viels’s car and got in it. Ford was hysterical and 
crying. Ford told Viels that Ellis had poured gasoline on her face and hair and 
that the gasoline was burning her. Ford also said that Ellis had threatened to 
set her on fire and that he had a cigarette lighter. Ford explained that she had 
pleaded with Ellis for her life and that he let her out of the car. At trial, 
testimony revealed that Ellis was apparently upset with Ford because she was 
dating another man.
III. 
Legal Sufficiency—Concession of Error
        In 
his second issue, Ellis complains that the evidence is legally insufficient to 
support his felony assault family-violence conviction. Specifically, Ellis 
argues that the State failed to prove that his previous assault conviction was 
based on an assault against a member of his family or household as required by 
Texas Penal Code section 22.01(b)(2). Tex. Penal Code Ann. § 22.01(b)(2). The State concedes 
that the evidence is legally insufficient to prove that Ellis’s previous 
assault conviction was against a member of his family or household. We agree. We 
have carefully reviewed the record, applying the legal sufficiency standard of 
review, and no rational trier of fact could have found beyond a reasonable doubt 
that Ellis’s prior assault conviction stemmed from an assault against a member 
of his family or household. See Jackson v. Virginia, 443 U.S. 307, 319, 
99 S. Ct. 2781, 2789 (1979) (setting forth legal sufficiency standard of 
review); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) 
(same). As pointed out by the State, the “only evidence [it] presented 
regarding the family-member issue was that the trial court (Tarrant County 
Criminal Court Number Five) where the prior assault conviction was obtained 
primarily deals with ‘domestic violence assault bodily injury on family 
members.’” This is not enough. Even construing the evidence in the light 
most favorable to the jury’s verdict, the evidence shows only that Ellis was 
previously convicted of an assault/bodily injury and that the prior assault likely 
involved family violence because of the court where the case was tried.
        The 
State also acknowledges that we cannot reform the felony assault family-violence 
judgment to reflect Ellis’s conviction of the lesser included offense of 
assault. See Collier v. State, 999 S.W.2d 779, 782 (Tex. Crim. 
App. 1999) (holding court of appeals may reform judgment to reflect conviction 
of lesser included offense only if (1) the evidence is insufficient to support 
conviction of the charged offense but sufficient to support conviction of the 
lesser included offense and (2) either the jury was instructed on the lesser 
included offense or one party asked for but was denied such an instruction). We 
agree. Consequently, we sustain Ellis’s second issue and render a judgment of 
acquittal on the felony assault family-violence charge.[2]
IV. 
Factual Sufficiency
        In 
his fourth issue, Ellis argues that the evidence is factually insufficient to 
support his conviction for aggravated assault with a deadly weapon because the 
State failed to show that un-ignited gasoline is a deadly weapon that can cause 
death or serious bodily injury. In his fifth issue, Ellis urges us to abrogate 
the current factual sufficiency standard in favor of a standard less demanding 
than the legal sufficiency standard. Ellis contends that, because in order to 
prevail under the factual sufficiency standard, he must show that the verdict is 
manifestly unjust, shocks the conscience, or clearly demonstrates bias, this 
standard is paradoxically more demanding than the legal sufficiency standard. 
The State responds that Ellis’s factual sufficiency challenge to the jury’s 
deadly weapon finding is without merit and argues that this court should not 
alter the existing standard of review.
        A. 
Standard of Review
        As 
an intermediate appellate court, we are bound to follow the pronouncements of 
the court of criminal appeals. See Taulung v. State, 979 S.W.2d 
854, 857 (Tex. App.—Waco 1998, no pet.). Consequently, we decline Ellis’s 
invitation to create and adopt a new factual sufficiency standard of review for 
criminal cases. We overrule Ellis’s fifth issue and apply the traditional 
factual sufficiency standard of review to his fourth issue.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is factually insufficient 
if it is so weak as to be clearly wrong and manifestly unjust or the adverse 
finding is against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a neutral 
review of all the evidence, both for and against the finding, demonstrates that 
the proof of guilt is so obviously weak as to undermine confidence in the 
verdict, or the proof of guilt, although adequate if taken alone, is greatly 
outweighed by contrary proof. Id. In performing this review, we are to 
give due deference to the fact finder’s determinations. Id. at 8-9; Clewis, 
922 S.W.2d at 136. We may not substitute our judgment for that of the fact 
finder’s. Johnson, 23 S.W.3d at 12.
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d 
at 12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        B. Evidence Supports Deadly Weapon Finding
        Ellis’s 
specific factual sufficiency argument is that gasoline, standing alone (without 
ignition or intent to ignite) did not and could not cause death or serious 
bodily injury. He points out that the gasoline on Ford’s skin did not even 
require her to go to the doctor. Moreover, Ellis contends that he never intended 
to ignite the gasoline. He claims he only intended to scare Ford by splashing 
her with gasoline, so she was never actually in any danger of death or serious 
bodily injury.
        The 
Texas Penal Code defines a “deadly weapon” as “anything that in the manner 
of its use or intended use is capable of causing death or serious bodily 
injury.” Tex. Penal Code Ann. § 1.07(a)(17)(B). The court of 
criminal appeals has explained this provision:
The 
provision’s plain language does not require that the actor actually intend 
death or serious bodily injury; an object is a deadly weapon if the actor 
intends a use of the object in which it would be capable of causing death or 
serious bodily injury. The placement of the word “capable” in the provision 
enables the statute to cover conduct that threatens deadly force, even if the 
actor has no intention of actually using deadly force.

Bailey 
v. State, 38 S.W.3d 157, 159 (Tex. Crim. App. 2001) (citing McCain v. 
State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000)).
        The 
facts here show that Ford smelled like gasoline when her mother picked her up. 
Ford hysterically told her mother that the gasoline was burning her. She said 
that while she was in the car with Ellis, he repeatedly threatened to set her on 
fire, and she pleaded with him for her life. Fort Worth Police Officer James 
Dunn testified that Ford told him she argued with Ellis, and Ellis assaulted 
her—grabbing her by the hair; throwing gasoline on her; and forcing her into 
his car—and drove her to a wooded area. Ellis told Ford that if she left, he 
would set her on fire. Officer Dunn also testified that paramedics treated Ford 
at the scene for gasoline burns that raised the skin on her arm and face. The 
paramedics washed the gasoline from Ford’s eyes and hair. Officer Dunn and a 
detective with the Fort Worth Police Department, Detective Bryan Jamison, 
testified that gasoline as used in this particular case (that is, in conjunction 
with threats to ignite it with a cigarette lighter) constituted a deadly weapon.
        The 
evidence outlined above contradicts Ellis’s written statement that he “just 
wanted to scare [Ford]” and that he “was not going to set her afire, that 
was never [his] intention before or after [he] poured the gas on her.” 
Moreover, neither Ellis’s alleged lack of intent to ignite the gasoline nor 
Ford’s failure to seek further medical treatment for her gasoline burns 
renders the evidence supporting the deadly weapon finding factually 
insufficient. See McCain, 22 S.W.3d at 502-03. Ellis threw a cup of 
gasoline on Ford and threatened to set her on fire with a cigarette lighter. The 
gasoline, as used by Ellis, was “capable” of causing death or serious bodily 
injury. See Tex. Penal Code Ann. § 1.07(a)(17)(B); Magee v. State, 
994 S.W.2d 878, 890 (Tex. App.—Waco 1999, pet. ref’d) (stating gasoline may 
be deadly weapon in the manner of its use); Rogers v. State, 908 S.W.2d 
239, 242 (Tex. App.—El Paso 1995, no pet.) (same); Rice v. State, 771 
S.W.2d 599, 600 (Tex. App.—Houston [14th Dist.] 1989, no pet.) 
(same); accord Kingsbury v. State, 14 S.W.3d 405, 408-09 (Tex. 
App.—Waco 2000, no pet.) (holding evidence that appellant poured gasoline into 
bug sprayer, pumped and sprayed the gasoline into the victim’s face, and 
threatened to “burn [her] ass up” while trying to ignite the gasoline with 
cigarette lighter supported conviction for deadly conduct). We hold that 
factually sufficient evidence exists supporting the jury’s deadly weapon 
finding. We overrule Ellis’s fourth issue.
V. 
Conclusion
        Having 
sustained Ellis’s second issue contending that the evidence is legally 
insufficient to support Ellis’s guilt of felony assault family-violence, we 
reverse the judgment of the trial court and render a judgment of acquittal on 
that count. See Tex. R. App. P. 
43.2(c), 51.2(d); Greene v. Massey, 437 U.S. 19, 24-25, 98 S. Ct. 2151, 
2154-55 (1978); Burks v. United States, 437 U.S. 1, 16-18, 98 S. Ct. 
2141, 2150-51 (1978); Gollihar v. State, 46 S.W.3d 243, 246 n.4 (Tex. 
Crim. App. 2001). Having held Ellis’s first and third issues moot and having 
overruled Ellis’s fourth and fifth issues, we affirm the trial court’s 
judgment on the aggravated assault with a deadly weapon conviction.
 
  
                                                          PER 
CURIAM
  
PANEL 
F:   WALKER, HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
January 29, 2004
 


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
In his first and third issues, Ellis challenges the trial court’s denial of 
his motion for directed verdict on the felony assault family-violence charges 
and the factual sufficiency of the evidence to support his conviction for this 
offense. Because we have held the evidence legally insufficient to support 
Ellis’s felony assault family-violence conviction, we need not address these 
issues. See Tex. R. App. P. 47.1 (court of appeals must address 
only issues necessary to finally dispose of appeal); Carlson v. State, 71 
S.W.3d 524, 528 (Tex. App.—Austin 2002, no pet.) (holding factual sufficiency 
complaints are moot if legal sufficiency complaint is sustained).