Ellis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-416-CR

IWIN ELLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Appellant Iwin Ellis of aggravated assault with a deadly weapon and felony assault with bodily injury of a family member.  
See 
Tex. Penal Code Ann.
 § 22.01(a)(1), (a)(2), (b)(2) (Vernon Supp. 2004).  The jury assessed Ellis’s punishment at twenty years’ confinement for the aggravated assault with a deadly weapon and at ten years’ confinement for the felony assault with bodily injury of a family member.  Ellis raises five issues on appeal challenging the legal and factual sufficiency of the evidence to support his conviction for both offenses.  We will reverse the trial court’s judgment as to the felony assault family-violence conviction and render a judgment of acquittal as to that offense.  We will affirm Ellis’s conviction for aggravated assault with a deadly weapon.

II.  Factual Background

Ellis and Tawana Ford are the biological parents of several children.  Ford and several other people were visiting at the home of a friend, Kimberly Long.  Ford left Long’s house, and the visitors gathered there then heard a female scream come from outside.  Long looked outside and saw Ellis, with a cup in his hand, pushing Ford into a car.  Long testified that Ford’s face looked wet.  Long later retrieved the cup from the ground, and it smelled of gasoline.  Authorities tested the residue in the cup and found it to be gasoline.

Sandra Jarmon, one of the visitors at Long’s house, was concerned for Ford’s safety following the incident and telephoned Ford’s mother, Annie Viels. After receiving Jarmon’s call, Viels got in her car and drove around the east side of Fort Worth searching for Ford.  Eventually, when Viels stopped at a stop sign, Ford came running towards Viels’s car and got in it.  Ford was hysterical and crying.  Ford told Viels that Ellis had poured gasoline on her face and hair and that the gasoline was burning her.  Ford also said that Ellis had threatened to set her on fire and that he had a cigarette lighter.  Ford explained that she had pleaded with Ellis for her life and that he let her out of the car.  At trial, testimony revealed that Ellis was apparently upset with Ford because she was dating another man.

III.  Legal Sufficiency—Concession of Error

In his second issue, Ellis complains that the evidence is legally insufficient to support his felony assault family-violence conviction.  Specifically, Ellis argues that the State failed to prove that his previous assault conviction was based on an assault against a member of his family or household as required by Texas Penal Code section 22.01(b)(2).  
Tex. Penal Code Ann.
 § 22.01(b)(2).  The State concedes that the evidence is legally insufficient to prove that Ellis’s previous assault conviction was against a member of his family or household.  We agree.  We have carefully reviewed the record, applying the 
legal sufficiency standard of review, and no rational trier of fact could have found beyond a reasonable doubt that Ellis’s prior assault conviction stemmed from an assault 
against a member of his family or household.  
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (setting forth legal sufficiency standard of review); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (same).  As pointed out by the State, the “only evidence [it] presented regarding the family-member issue was that the trial court (Tarrant County Criminal Court Number Five) where the prior assault conviction was obtained primarily deals with ‘domestic violence assault bodily injury on family members.’”  This is not enough.  Even construing the evidence in the light most favorable to the jury’s verdict, the evidence shows only that Ellis was previously convicted of an assault/bodily injury and that the prior assault 
likely 
involved family violence because of the court where the case was tried.

The State also acknowledges that we cannot reform the felony assault family-violence judgment to reflect Ellis’s conviction of the lesser included offense of assault.  
See
 
Collier v. State
, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (holding court of appeals may reform judgment to reflect conviction of lesser included offense only if (1) the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense or one party asked for but was denied such an instruction).  We agree.  Consequently, we sustain Ellis’s second issue and render a judgment of acquittal on the felony assault family-violence charge.
(footnote: 2)
IV.  Factual Sufficiency

In his fourth issue, Ellis argues that the evidence is factually insufficient to support his conviction for aggravated assault with a deadly weapon because the State failed to show that un-ignited gasoline is a deadly weapon that can cause death or serious bodily injury.  In his fifth issue, Ellis urges us to abrogate the current factual sufficiency standard in favor of a standard less demanding than the legal sufficiency standard.  Ellis contends that, because in order to prevail under the factual sufficiency standard, he must show that the verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias, this standard is paradoxically more demanding than the legal sufficiency standard. 
The State responds that Ellis’s factual sufficiency challenge to the jury’s deadly weapon finding is without merit and argues that this court should not alter the existing standard of review.

A.  Standard of Review

As 
an intermediate appellate court, we are bound to follow the pronouncements of the court of criminal appeals.  
See
 
Taulung v. State
, 979 S.W.2d 854, 857 (Tex. App.—Waco 1998, no pet.)
. 
 Consequently, we decline Ellis’s invitation to create and adopt a new factual sufficiency standard of review for criminal cases.  We overrule Ellis’s fifth issue and apply the traditional factual sufficiency standard of review to his fourth issue.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis
, 922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Evidence Supports Deadly Weapon Finding

Ellis’s specific factual sufficiency argument is that gasoline, standing alone (without ignition or intent to ignite) did not and could not cause death or serious bodily injury.  He points out that the gasoline on Ford’s skin did not even require her to go to the doctor.  Moreover, Ellis contends that he never intended to ignite the gasoline.  He claims he only intended to scare Ford by splashing her with gasoline, so she was never actually in any danger of death or serious bodily injury.

The Texas Penal Code defines a “deadly weapon” as “anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.”  
Tex. Penal Code Ann.
 § 1.07(a)(17)(B).  The court of criminal appeals has explained this provision
:

The provision’s plain language does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury.  The placement of the word “capable” in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force.

Bailey v. State
, 38 S.W.3d 157, 159 (Tex. Crim. App. 2001) (citing
 McCain v. State
, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000)).

The facts here show that Ford smelled like gasoline
 when her mother picked her up.  Ford hysterically told her mother that the gasoline was burning her.  She said that while she was in the car with Ellis, he repeatedly threatened to set her on fire, and she pleaded with him for her life.  Fort Worth Police Officer James Dunn testified that Ford told him she argued with Ellis, and Ellis assaulted her—grabbing her by the hair; throwing gasoline on her; and forcing her into his car—and drove her to a wooded area.  Ellis told Ford that if she left, he would set her on fire.  Officer Dunn also testified that paramedics treated Ford at the scene for gasoline burns that raised the skin on her arm and face.  The paramedics washed the gasoline from Ford’s eyes and hair.  Officer Dunn and a detective with the Fort Worth Police Department, Detective Bryan Jamison, testified that gasoline as used in this particular case (that is, in conjunction with threats to ignite it with a cigarette lighter) constituted a deadly weapon.

The evidence outlined above contradicts Ellis’s written statement that he “just wanted to scare [Ford]” and that he “was not going to set her afire, that was never [his] intention before or after [he] poured the gas on her.”  Moreover, neither Ellis’s alleged lack of intent to ignite the gasoline nor Ford’s failure to seek further medical treatment for her gasoline burns renders the evidence supporting the deadly weapon finding factually insufficient.  
See McCain
, 22 S.W.3d at 502-03.  Ellis threw a cup of gasoline on Ford and threatened to set her on fire with a cigarette lighter.  
The gasoline, as used by Ellis, was “capable” of causing death or serious bodily injury.  
See
 
Tex. Penal Code Ann.
 § 1.07(a)(17)(B); 
Magee v. State
, 994 S.W.2d 878, 890 (Tex. App.—Waco 1999, pet. ref’d) (stating gasoline may be deadly weapon in the manner of its use); 
Rogers v. State
, 908 S.W.2d 239, 242 (Tex. App.—El Paso 1995, no pet.) (same); 
Rice v. State
, 771 S.W.2d 599, 600 (Tex. App.—Houston [14
th
 Dist.] 1989, no pet.) (same); 
accord
 
Kingsbury v. State
, 14 S.W.3d 405, 408-09 (Tex. App.—Waco 2000, no pet.) (holding evidence that appellant poured gasoline into bug sprayer, pumped and sprayed the gasoline into the victim’s face, and threatened to “burn [her] ass up” while trying to ignite the gasoline with cigarette lighter supported conviction for deadly conduct).
  We hold that factually sufficient evidence exists supporting the jury’s deadly weapon finding.  
We overrule Ellis’s fourth issue.

V.  Conclusion

Having sustained Ellis’s second issue contending that the evidence is legally insufficient to support Ellis’s guilt of felony assault family-violence, we reverse the judgment of the trial court and render a judgment of acquittal on that count
.  
See
 
Tex. R. App. P.
 43.2(c), 51.2(d); 
Greene v. Massey
, 437 U.S. 19, 24-25, 98 S. Ct. 2151, 2154-55 (1978); 
Burks v. United States
, 437 U.S. 1, 16-18, 98 S. Ct. 2141, 2150-51 (1978); 
Gollihar v. State
, 46 S.W.3d 243, 246 n.4 (Tex. Crim. App. 2001).  Having held Ellis’s first and third issues moot and having overruled Ellis’s fourth and fifth issues, we affirm the trial court’s judgment on the 
aggravated assault with a deadly weapon conviction.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In his first and third issues, Ellis challenges the trial court’s denial of his motion for directed verdict on the felony assault family-violence charges and the factual sufficiency of the evidence to support his conviction for this offense. Because we have held the evidence legally insufficient to support Ellis’s felony assault family-violence conviction, we need not address these issues.  
See 
Tex. R. App. P.
 47.1 (court of appeals must address only issues necessary to finally dispose of appeal); 
Carlson v. State
, 71 S.W.3d 524, 528 (Tex. App.—Austin 2002, no pet.) (holding factual sufficiency complaints are moot if legal sufficiency complaint is sustained).