# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-24-00058-CR

**Jacob Earl Shirejian, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE 483RD DISTRICT COURT OF HAYS COUNTY
NO. CR-21-1618-A, THE HONORABLE TANNER NEIDHARDT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jacob Earl Shirejian was charged with one count of continuous sexual abuse of a young child, two counts of indecency with a child by contact, and two counts of aggravated sexual assault of a child. *See* Tex. Penal Code §§ 21.03, 21.11, 22.021. After the State rested its case, it abandoned Count I—the continuous sexual abuse charge—and proceeded on the other four counts. The jury found Shirejian guilty on all four remaining counts. On appeal, Shirejian challenges the legal sufficiency of the evidence to support his conviction for Count II—indecency with a child by contact—which alleged that he had "with intent to gratify the sexual desire of any person, caused the hand of [Carly[1]], a child under the age of 14, to contact his sexual organ." The State concedes that the evidence is insufficient to support the

---

[1] Because the victim was a minor at the time of the offenses, we will refer to her by a pseudonym and to her family members other than Shirejian by their connection to her to protect her privacy. *See* Tex. R. App. P. 9.10(a)(3).

challenged conviction. After a thorough examination of the entire record, and for the reasons detailed below, we agree and reverse the judgment of conviction for Count II. Shirejian also points out a clerical error in the judgments of conviction for Counts III and V. We modify those two judgments to correct the clerical error in each and we affirm the trial court's judgments for Counts III and V as modified. No issues have been raised regarding Shirejian's conviction for Count IV.

## BACKGROUND

Carly, who was eighteen years old at the time of trial, testified that her stepfather,[2] Shirejian, had sexually abused her when she was younger. Carly was about five or six years old when she and her mother moved in with Shirejian. She testified that when she was six or seven years old, she and Shirejian were watching football in the bedroom of the small family home when Shirejian began rubbing his penis on her anus. Another time when she was six or seven years old, Shirejian took her to his bedroom, pulled down "whatever he was wearing," and "made [her] put [her] mouth on his penis." Multiple times while they lived in that same house, Shirejian sat on a recliner with Carly in his lap while he was "erect," and kissed her and licked her ear. She testified that she knew he was erect because her "lower half" could feel his penis through his and her clothing while she sat on his lap. She explained that she "would just sit there." She testified that another time, she was sleeping in Shirejian's bed and when she woke up, she was "sitting on top" of him facing him, but when asked if she "could feel him erect" like the time on the recliner, she replied that she could not remember.

---

    **2**    Although Shirejian and Carly's mother were never married, Carly and her family members, including Shirejian, all referred to Shirejian as her stepfather.

Carly testified that in the fourth grade and after they had moved to a different house, Shirejian sat with her on the couch while she was playing a video game. He started "being really touchy with [her]" and called her "pet names, like, baby." He was watching "adult porn" on his phone. She testified that she did not remember a lot of details from that incident but that he was "grabbing onto [her] a lot and trying to do stuff to [her]." She shoved him away and went to her room. On cross examination, Carly clarified that she did not touch his penis during this incident. Another time, while Carly was showering, Shirejian moved the shower curtain and looked at her while he was peeing. She testified that all of the abuse occurred between when she was six or seven years old and in the fourth grade.

Carly testified that when she was fifteen years old, she messaged her older sister and told her about the incidents of sexual abuse. Screenshots of the messages were admitted into evidence. In the text messages Carly told her sister that Shirejian had "tried to sexually assault [her] when [she] was 6" years old. She texted that the first time the abuse occurred, "he would just kiss [her] neck and [she] would just lay there." She explained in the text that he had pulled down his pants and "rubbed his thing against [her] hole." She went on to tell her sister that "another time he made [her] suck it." She also described the shower incident. She described another time in which she woke up in the middle of the night and he put her on top of him and "tried to make [her] ride him." She also texted her sister about a time, or times, that he would put her on his lap in the living room and "touch [her] and stuff and lick [her] ear or something." She told her sister in the texts that the last incident occurred when she was in the fourth grade and Shirejian was next to her while she played a video game and was watching porn on his phone while calling her "weird pet names" and trying to touch her. She explained that she pushed him away and ran to her room.

3

Carly's older sister testified regarding the text messages Carly had sent her about three years prior to trial regarding the abuse. The night after Carly messaged her about the abuse, Sister showed the messages to their mom. Carly's mother testified that she found out about the allegations by reading the text messages. Mother then took her daughters to her father's house where she called the police. Detective Jerritt Bean testified that when he was a patrol officer, he answered Mother's 911 call and called CPS. Brandon Pendleton, a forensic interviewer and family advocate, testified that he interviewed Carly at a child advocacy center following her outcry.

After this testimony, the State rested and abandoned Count I, continuous sexual abuse. Shirejian testified in his own defense and denied all the allegations.

After hearing all the evidence, the jury found Shirejian guilty of Counts II and III, second-degree indecency with a child by sexual contact; and Counts IV and V, first-degree aggravated sexual assault of a child. *See* Tex. Penal Code §§ 21.11(a)(1), (d), 22.021. The Trial Court sentenced him to eight-years' imprisonment for Counts II and III and eighteen-years' imprisonment for Counts IV and V, to be served consecutively. *Id.* §§ 12.32, 12.33, 21.11(d), 22.021(e). Shirejian appealed.

## INSUFFICIENT EVIDENCE

Shirejian contends that the evidence is insufficient to support his conviction in Count II for indecency with a child by contact.

The sufficiency of the evidence is measured by the elements of the offense as defined in a hypothetically correct jury charge, which is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or

unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard requires the appellate court to defer 'to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Id.* (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). Although factfinders "may not speculate about the meaning of facts or evidence," they are permitted to "draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial." *Id.* (citing *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)). "We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution." *Id.* (citing *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012)). This is because the factfinders are "the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Id.* (citing *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)). "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to

5

support the conviction." *Id.* (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015)).

A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. Tex. Penal Code § 21.11(a)(1). As relevant here, "sexual contact" is any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c). Regarding this offense, the indictment alleged that Shirejian had "with intent to gratify the sexual desire of any person, caused the hand of [Carly], a child under the age of 14, to contact his sexual organ." The court's charge instructed the jury to find him guilty of Count II indecency with a child "as charged in Count II of the indictment" if the jury found beyond a reasonable doubt that Shirejian had "with the intent to arouse or gratify the sexual desire of the defendant, cause[d] the hand of [Carly], a child younger than 14 years of age, to contact his sexual organ."

As detailed in the Background section above, no witness testified, and no evidence supports that Carly's hand ever made contact with Shirejian's "sexual organ." In its appellate brief, the State agreed that there was no evidence presented that Carly's hand ever made contact with Shirejian's "sexual organ." We have thoroughly examined the record, and we agree. Shirejian's sufficiency issue challenging his conviction for indecency with a child in Count II is sustained. The judgment in cause number CR-21-1618-A Count II convicting Shirejian of indecency with a child by sexual contact is reversed, and Shirejian is ordered acquitted on that offense. *See Carlson v. State*, 71 S.W.3d 524, 528 (Tex. App.—Austin 2002,

6

no pet.) (reversing and ordering acquittal when State conceded evidence was insufficient and appellate court agreed after examination of record).

**CLERICAL ERROR IN JUDGMENTS**

Shirejian contends—and the State agrees—that the trial court's judgments for Counts III and V contain an error and requests that we modify the judgments to correct the errors. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (explaining that "[a]ppellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record"). The judgment of conviction for Count III currently states that the "Date of Offense" was "09/19/2011." According to both the indictment and the Court's Charge, the offense date for Count III should read "09/19/2014." The judgment of conviction for Count V, currently states that the "Date of Offense" was "09/19/2013." According to both the indictment and the Court's Charge, the offense date for Count V should read "09/19/2011." We sustain Shirejian's issues regarding the clerical errors in the judgments of conviction for counts III and V. Thus, we modify the judgment for cause number CR-21-1618-A Count III to replace the text under "Date of Offense" to read "09/19/2014" and modify the judgment for cause number CR-21-1618-A Count V to replace the text under "Date of Offense" to read "09/19/2011."

**CONCLUSION**

Having sustained Shirejian's issues, we reverse the judgment of conviction in trial court cause number CR-21-1618-A Count II and order Shirejian acquitted on that offense and we modify the judgment for cause number CR-21-1618-A Count III to replace the text under "Date of Offense" to read "09/19/2014" and modify the judgment for cause number CR-21-1618-A Count V to replace the text under "Date of Offense" to read "09/19/2011."[3]

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Modified and as Modified Affirmed in Part, Reversed in Part

Filed:   October 9, 2025

Do Not Publish

---

[3] No issues have been raised regarding Count IV.

8